UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO:

HEATHER SPRADLIN, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.

KEY INSTALLATION SERVICES, INC.,
a Florida Profit Corporation,
JAMES K. WALKER, individually,
and ROBIN C. WALKER, individually

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff Heather Spradlin, ("Plaintiff") on behalf of herself all others similarly situated, by and through her undersigned counsel, brings this collective action under the Fair Labor Standards Act ("FLSA") against Key Installation Services, Inc., a Florida Profit Corporation ("Key" or "Defendant") James K. Walker, individually ("JW" or "Defendant") and Robin C. Walker, individually("RW" or "Defendant")(collectively, "Defendants") as joint employers, for unpaid overtime compensation and hereby states as follows:

## NATURE OF THE ACTION

1. Plaintiff, Heather Spradlin "Plaintiff")alleges on behalf of herself and

on behalf of other similarly situated current and former employees of Defendants, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2. Plaintiff seeks class-wide relief on behalf of herself and all other similarly situated employees, who were subjected to Defendants' common and illegal pay practices and policies of failing to pay their employees proper overtime compensation for hours worked over forty (40) per workweek.

3. Plaintiff seeks nationwide conditional certification of the following class:

> **All assemblers, technicians/installers who worked for Defendants nationwide at any time since January 2020, to the entry of judgment in this case (the "Collective Action Period"), and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").**

## THE PARTIES

4. At all times material hereto, Plaintiff, was and continues to be a resident of Alabama, and was an "employee" of the Defendants within the meaning of the FLSA.

5. Plaintiff is an adult resident of Alabama and was employed by Defendants as a non-exempt day rate/piece rate paid assembler/ technician/installer from September 12, 2021, through November 25, 2022(63 weeks).

6. Plaintiff consents in writing to become the named Plaintiff party to this action pursuant to 29 U.S.C. § 216(b); her written consent is attached hereto as Exhibit A.

7. During the Relevant Liability Period, Plaintiff was a covered employee within the meaning of the FLSA.

8. At all times material hereto, Defendant, Key, was conducting business in St. Johns, Florida, with its principal place of business in that city.

9. At all times material hereto, Defendant, JW, was conducting business in St. Johns, Florida, with its principal place of business in that city.

10. At all times material hereto, Defendant, RW, was conducting business in St. Johns, Florida, with its principal place of business in that city.

11. At all times material hereto, Defendants, Key and JW were the joint employers of Plaintiff and the purported class members she seeks to represent.

12. At all times material hereto, Defendants were and continue to be joint "employer[s]" within the meaning of the FLSA.

13. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, and all similarly situated class members her/their lawfully earned overtime wages in conformance with the FLSA.

14. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

15. At all times material hereto, Defendants were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, the work performed by Plaintiff, and the purported class members, was directly essential to the business performed by Defendants.

17. Plaintiff fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

18. Upon information and belief, at all relevant times herein, Defendants used and continues to use goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

19. Upon information and belief, at all relevant times, defendants have constituted an "enterprise" as defined in the FLSA.

20. Upon information and belief, defendant JW is an owner and principal

of Defendant Key, who had and has the power to hire and fire employees, set wages and schedules, and maintain their records.

21. Upon information and belief, defendant RW is the owner and principal of Defendant Key, who had and has the power to hire and fire employees, set wages and schedules, and maintain their records.

22. Defendant JW was involved in the day-to- day operations of Defendant Key and played an active role in managing the business.

23. Defendant RW was involved in the day-to- day operations of Defendant Key and played an active role in managing the business.

24. Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act ("FLSA").

## JURISDICTION AND VENUE

25. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

26. Venue in the Middle District of Florida is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants provide services in this District and is thus considered a resident of this District. Further, a significant portion of the events giving rise to the claim alleged herein occurred within this District.

27. At all times pertinent to this Complaint, Defendant, Key either individually, or jointly, was an enterprise engaged in interstate commerce.

28. At all times pertinent to this Complaint, Defendant, JW either individually, or jointly, was an enterprise engaged in interstate commerce.

29. At all times pertinent to this Complaint, Defendant, RW either individually, or jointly, was an enterprise engaged in interstate commerce.

30. At all times pertinent to this Complaint, Defendant Key regularly owned and operated a business engaged in commerce either individually, or jointly, or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

31. At all times pertinent to this Complaint, Defendant, JW regularly owned and operated a business engaged in commerce either individually, or jointly, or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

32. At all times pertinent to this Complaint, Defendant, RW regularly owned and operated a business engaged in commerce either individually, or jointly, or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

33. Defendants operate an Athletic and recreation facilities construction/installation company throughout the United States which offers several

different assembly/installation services to its customers, for example, signs, installation of virtual machines among other types of services. Defendants' nationwide retail customers include but are not limited to Walmart, Lowes and PGA Superstores.

34. At all times material hereto, Defendant Key, assists its national retail store clients with assembly of signs, equipment, virtual golf games and anything else that needs to be installed, constructed and/or put together.

35. Plaintiff's work, and the work of the purported class members, involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.

36. Based upon information and belief, the gross revenue of Defendants, individually and/or jointly, was in excess of $500,000.00 per annum during all times relevant.

32. Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

37. Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry-on business in the Middle District of Florida.

38. The venue of this Court over this controversy is based upon the

following:

    a.    The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida; and

    b.    Defendants were and continue to be a Florida company and individuals doing business within this judicial district.

## COLLECTIVE ACTION ALLEGATIONS

39.    Pursuant to 29 U.S.C. §§ 206 and 207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> **All assemblers, technicians/installers who worked for Defendants nationwide at any time since January 2020, to the entry of judgment in this case (the "Collective Action Period"), and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").**

40.    The Collective Action Members are similarly situated to Plaintiff in that they were employed by Defendants as assemblers, technicians/installers and were denied premium overtime pay for hours worked beyond forty (40) hours in any given workweek.

41.    They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

42. Plaintiff and the Collective Action Members perform or performed the same or similar primary duties and were subjected to the same policies and practices by defendants.

43. The exact number of such individuals is presently unknown but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

44. At all relevant times herein, Defendants owned and operated an operate an Athletic and recreation facilities construction/installation company in St. Johns, Florida.

45. Plaintiff and the Collective Actions Members were employed as assemblers, technicians/installers.

46. Plaintiff and the Collective Actions Members' primary duties were to assemble, install signs, equipment, virtual golf games and anything else that needs to be installed, constructed and/or put together.

47. Plaintiff's work was performed in the normal course of defendants' business and was integrated into the business of defendants and did not involve executive or administrative responsibilities.

48. At all relevant times herein, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

49. Plaintiff worked regular schedules of seven days per week, and approximately seventy (70) or more hours per workweek.

50. Plaintiff was paid a day rate/piece rate throughout her employment with Defendants.

51. This practice or policy was applicable to Plaintiff and the Collective Class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the no-payment of overtime to Plaintiff applied and continues to apply to all class members.

52. By failing to pay Plaintiff and other the class members for all overtime hours worked, Defendants acted willfully and with reckless disregard of clear applicable FLSA provisions.

53. Defendants failed to pay Plaintiff any overtime for hours worked beyond 40 hours in a workweek, in violation of the FLSA.

54. Defendants' failure to pay Plaintiff overtime for overtime hours worked was willful and lacked a good faith basis.

55. Upon information and belief, throughout the period of plaintiff's employment and continuing until today, defendants have likewise employed other individuals like Plaintiff and the Collective Action Members in positions at defendants' appliance store that required little skill, no capital investment, and with

duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

56. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of overtime.

57. Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees and failed to post or keep posted notices explaining overtime pay rights provided by the FLSA.

## COUNT I

(Fair Labor Standards Act - Overtime)

58. Plaintiff, on behalf of herself and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

59. At all relevant times, defendants employed Plaintiff, and each of the Collective Action Members within the meaning of the FLSA.

60. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

61. As a result of defendants' willful failure to compensate their employees, including Plaintiff and the Collective Action Members, at a rate at least one-and-

one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

62. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

63. Due to defendants' FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually and on behalf of the Collective Action Members, respectfully requests judgement against Defendants and prays that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

  c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

  d. Find that Defendants' violation of the FLSA was willful and impose a three- year statute of limitations period for FLSA claims;

  e. An award of all unpaid wages and unpaid overtime compensation;

  f. An award of liquidated damages as a result of defendants' willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

  g. Compensation for illegal deductions from pay;

  m. An award of prejudgment and post judgment interest;

  n. An award of costs and expenses of this action together with reasonable attorneys' fees; and

  o. Such other, further, and different relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 1st day of February 2023.

Respectfully submitted,

***/s Noah E. Storch***
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail:
**noah@floridaovertimelawyer.com**

*Trial Counsel for Plaintiff*

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

### CASE NO:

**HEATHER SPRADLIN**, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.

**KEY INSTALLATION SERVICES, INC.**,
a Florida Profit Corporation
**JAMES K WALKER**, individually,
and **ROBIN C WALKER**

    Defendants.
_____/

### CONSENT TO BECOME PARTY PLAINTIFF

I, Heather Spradlin _____, consent to become the party plaintiff in the above-styled Lawsuit.

Date: Jan 31, 2023

Signature: *Heather Spradlin* (Jan 31, 2023 13:54 CST)

Print: Heather Spradlin