**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CASE NO: 3:23-cv-00120-MMH-LLL**

**HEATHER SPRADLIN and**
**MICHAEL HOLLOWAY,**

     **Plaintiffs,**

**v.**

**KEY INSTALLATION SERVICES, INC.,**
**JAMES K. WALKER, and ROBIN C. WALKER,**

     **Defendants.**
_____/

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

Plaintiffs, Heather Spradlin and Michael Holloway ("Plaintiffs") and

Defendants, Key Installation Services, Inc., James K. Walker, and Robin C. Walker

("Defendants") (collectively, the "Parties"), by and through their undersigned

counsel, hereby file this Joint Motion for Approval of Settlement Agreement and to

Dismiss Lawsuit, and state the following in support:

**I.**    **STATEMENT OF FACTS**

Plaintiffs filed a Complaint against the Defendants. Defendants deny the

allegations asserted in the Complaint. By order dated January 23, 2024, the Court

dismissed Lane Mizell's claims without prejudice. [D.E. 34]

Notwithstanding the parties' disagreement over the legal and factual merits of the allegations, and the scope of any potential damages, the remaining parties resolved the instant case at the Mediation conference on December 19, 2023.

The parties subsequently drafted and executed a Settlement Agreement that memorializes the settlement's monetary and non-monetary terms and conditions. A copy of the fully executed Settlement Agreement is attached as **Exhibit A**.

In accordance with the applicable requirements for settling an FLSA claim, the parties hereby seek the Court's approval of the settlement that they have entered into to resolve their dispute in the instant action. The parties further stipulate to the dismissal of the instant action in its entirety, with prejudice, after the Court has reviewed and approved the Settlement Agreement, and request that this Court retain jurisdiction. *See, e.g., Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

II.   <u>ARGUMENT</u>

Pursuant to the FLSA, claims for overtime compensation arising under the FLSA may only be settled or compromised with the approval of the district court or the Secretary of Labor. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court

or the Secretary of Labor). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.*

As discussed above, the parties dispute whether any liability exists in the instant action. Nonetheless, the parties have agreed to settle all of the claims in this dispute and have executed a Settlement Agreement. The parties agree that the amount of the wage payments being provided to Plaintiffs is a fair and reasonable compromise of the disputes. All parties ultimately agreed that it was better to resolve the dispute, rather than incur the additional time, cost, and risk of proceeding with the litigation.

Both sides worked in good faith to reach an amicable resolution at a fair and reasonable amount.

Plaintiffs are receiving a reasonable and satisfactory recovery of an agreed-upon sum, plus payment of attorneys' fees and costs. The parties agree that the amount of the attorneys' fees and costs being provided to Plaintiffs' counsel is fair and reasonable.

The terms of the Settlement Agreement are contingent upon approval by the Court. Thus, the parties respectfully request that the Court approve their settlement and issue an Order dismissing this action with prejudice but retaining jurisdiction to enforce the Settlement Agreement entered into by the parties.

WHEREFORE, the parties respectfully request that the Court enter an Order approving the terms of the settlement of the instant action and dismiss this action in its entirety, with prejudice, but retain jurisdiction to enforce the Settlement Agreement entered into by the parties.

Dated this 20th day of February 2024.

Respectfully submitted,

**/s/ Noah E. Storch**                          **/s/Richard D. Tuschman**
Noah E. Storch, Esq.                          Richard D. Tuschman, Esq.
Florida Bar No. 0085476                       Florida Bar No. 907480
**RICHARD CELLER LEGAL, P.A**.    **RICHARD D. TUSCHMAN, P.A.**
10368 W. SR. 84, Suite 103                   12555 Orange Drive, 2nd Floor
Davie, Florida 33324                          Davie, Florida 33330
Telephone: (866) 344-9243                    Telephone: (954) 369-1050
Facsimile: (954) 337-2771                    Facsimile: (954) 380-8938
E-Mail:                                       Email:
**noah@floridaovertimelawyer.com**    **rtuschman@gtemploymentlawyers.com**
                                              **assistant@gtemploymentlawyers.com**

*Counsel for Plaintiff*

                                              **/s/ Mark J. Beutler**
                                              Mark J. Beutler, Esq.
                                              Florida Bar No. 0023400
                                              **LAW OFFICES OF MARK J. BEUTLER, P.A.**
                                              9400 South Dadeland Blvd., Suite 600
                                              Miami, Florida 33156
                                              Telephone: (305)487-0942
                                              Facsimile: (786)513-4651
                                              E-mail:
                                              **mjb@mjbpa.com**
                                              **jmm@mjbpa.com**

                                              *Counsel for Defendants*