United States District Court
Middle District of Florida
Jacksonville Division

**HEATHER SPRADLIN,
AND MICHAEL HOLLOWAY,**

    **Plaintiffs,**

v.                                         **NO. 3:23-cv-120-MMH-LLL**

**KEY INSTALLATION SERVICES,
INC., ET AL.,**

    **Defendants.**

_____

### Report and Recommendation

Before the Court are the parties' Joint Motion to Approve Settlement Agreement, doc. 37, and Joint Supplemental Brief Regarding Settlement Agreement, doc. 40. This matter, brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (FLSA), has been referred to me for the issuance of a report and recommendation on whether the proposed settlement is a "fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. U.S. ex. rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982).

### Background

This lawsuit, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 203, was originally filed by plaintiff Heather Spraldin on February 1, 2023. Doc. 1. Michael Holloway and Lane Mizell requested to join the case as additional plaintiffs

shortly thereafter. Docs. 8, 10. In May 2023, plaintiffs filed their Motion to Conditionally Certify Collective Action. Doc. 22. In October 2023, the Court denied Plaintiff's Motion to Conditionally Certify Collective Action and directed the Clerk to join plaintiffs as named plaintiffs. Doc. 25. In January 2024, the claims raised by plaintiff Lane Mizell were dismissed without prejudice. Doc. 34.

In February 2024, the remaining parties reached a proposed settlement agreement. Doc. 37. The Court, however, required additional briefing to determine if the proposed settlement satisfied the requirements of *Lynn's Food Stores*, 679 F.2d 1350. Doc. 39. In the proposed settlement agreement, defendants agree to pay the entire mediator's fee as well as the total sum of $66,500 to fully settle plaintiffs' claims. Doc. 37-1 at 2. The parties assert this settlement is a fair and reasonable compromise of the dispute. Doc. 37 at 3.

**Authority**

The FLSA reflects Congress' intent "to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). Unlike many legal claims, the parties may not bargain away the FLSA's protections. *See id*. at 708. If an employee proves a violation of the FLSA, the employer must pay the employee the unpaid wages, an equal amount of liquidated damages, and attorney's fees and costs. 29 U.S.C. § 216(b). There are two ways to settle an employee FLSA claim: one is where an employee accepts payment issued directly under the supervision of the Secretary of Labor; the

other is under a stipulated judgment entered by a court that has reviewed the proposed settlement. *Lynn's Food Stores,* 679 F.2d at 1353, 1355.

In acknowledgment of the FLSA's public policy considerations, such as the unequal bargaining power between employees and their employer, the Eleventh Circuit has limited the ability of private parties to independently settle suits brought under the act. *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013). Thus, in an action brought under 29 U.S.C. § 216(b) for "back wage[s] or liquidated damage[s]," the Court must, after "scrutinizing the settlement for fairness," make a finding that the proposed compromise represents a "fair and reasonable" resolution "of a bona fide dispute over FLSA provisions." *Lynn's Food Stores,* 679 F.2d at 1353, 1355. If the settlement agreement reflects a reasonable compromise, the Court may "approve the settlement . . . to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

"In addition to examining the merits of the proposed settlement and ascertaining the views of counsel . . . [p]ractical considerations may be taken into account." *Cotton v. Hinton,* 559 F.2d 1326, 1330 (5th Cir. 1977).[1] Of note are the complexity of the cases, costs of litigation, the stage of the proceedings, and the range of possible recovery. *Leverso v. SouthTrust Bank of Ala., Nat'l. Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994).

---

[1] In *Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit made prior to the close of business on September 30, 1981.

The FLSA provides for reasonable attorney's fees. 29 U.S.C. § 216(b). If the parties negotiated attorney's fees separately from the damages to be awarded to the plaintiff, which protects from "conflict . . . taint[ing] the settlement," then the court need not undertake a lodestar review of the attorney's fees for reasonableness. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M. D. Fla. 2009).

## Analysis
### A. Settlement of Plaintiffs' FLSA Claims

The parties represent that the settlement negotiations were protracted, and a settlement was reached only after the parties conferred, investigated the claims, and engaged in written discovery. Doc. 40 at 1. Thus, the parties maintain, they have a bona fide dispute involving liability and damages, and plaintiffs understand that the money paid under the settlement agreement may be more than they might recover should the claims go to trial. *Id.*

Plaintiff Spraldin alleges to be owed a total of $27,900 in damages, while plaintiff Holloway alleges his damages to be $31,110. *Id.* at 2. Both plaintiffs worked from September 2021 through November 2022, for approximately 62 weeks. *Id.* Based on plaintiffs' handwritten records, text messages, other written records, self-reported work time, and plaintiffs' timesheets, defendants calculated that plaintiffs were owed backpay and liquidated damages as follows: Holloway, in the amount of $6,398.36, and Spradlin in the amount of $5,611.76. *Id.* Defendant asserts as an affirmative defense that plaintiffs' claims are "subject to offset for periods of time for which she was paid but not working" and claim $5.930.17 for allegedly unauthorized purchases

4

plaintiffs made on the company's credit card. *Id.* at 3; doc. 17 at 6. The parties represent that given the "risks and uncertainties of continued litigation," plaintiffs are each receiving $6,000 for wages and an additional $6,000 for liquidated damages. Doc. 40 at 3.

Based on these representations, I am satisfied that this case involves disputed issues of liability under the FLSA and find the settlement a reasonable compromise of a bona fide dispute.

### B. General Release

The proposed settlement agreement contains a general "release and waiver of claims" clause. Doc. 37-1 ¶ 4. Thus, in assessing the fairness of the settlement, I must also consider whether the release of claims in the settlement agreement renders it unreasonable. *DeGraff v. SMA Behav. Health Servs. Inc.*, 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013) (citations omitted). "Courts typically disfavor general release clauses in FLSA settlement agreements." *Id.*; *see also Bright v. Mental Health Res. Ctr. Inc.*, No. 3:10-cv-427-RBD-TEM, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims."). General release clauses create a concern that plaintiff may give up "an unknown, but valuable claim that is completely unrelated to the FLSA claim, and which confers an undeserved and disproportionate benefit on the employer and effects an unanticipated, devastating and unfair deprivation on the employee." 6 *Coleman v. Target Corp.*, No. 6:12-cv-1315-RBD-GJK, 2013 WL 867891, at *6 (M.D. Fla. Mar. 1, 2013) (citation and quotations omitted).

Courts in the Middle District of Florida, however, have allowed general releases in settlement agreements when separate consideration is provided for those provisions. *Lopez v. Neoguard Pest Sol. Servs., Inc.*, No. 6:19-cv-364-PGB-DCI, 2019 WL 5188331, at *2-*3 (M.D. Fla. Aug. 12, 2019), *report and recommendation adopted*, 2019 WL 5188229 (M.D. Fla. Aug. 27, 2019) (citations omitted). *See also Caamal v. Shelter Mortg. Co.*, LLC, No. 6:13-cv-706-CEH-KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (approving FLSA settlement providing separate consideration for a general release and non-disparagement clause).

Here, each party releases its claims to the other and the parties represent that each party's release is consideration for the release received from the other, including defendants' affirmative defense. Doc. 40 at 4. Additionally, the release is limited to "claims, . . . that were alleged in the [l]awsuit or arise out of the same nucleus of operative facts (consistent with the doctrine of res judicata) through the date that this Settlement Agreement is fully executed." Doc. 37-1 ¶ 4. In conclusion, I find the general release provision is sufficiently limited so that it does not affect the overall fairness and reasonableness of the settlement agreement.

### C. Non-disparagement Clause

The proposed settlement agreement prohibits the parties from making "any disparaging or negative remarks in the future, directly or indirectly" concerning defendants or plaintiffs. Doc. 37-1 ¶ 7. Generally, confidentiality and non-disparagement clauses are disfavored because they thwart "Congress's intent to ensure widespread compliance with the FLSA." *Pariente v. CLC Resorts and Development, Inc.*,

No. 6:14-cv615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Nov. 14, 2014) (internal quotations and citations omitted). However, courts have approved confidentiality and non-disparagement clauses in cases where a plaintiff receives separate consideration. *See Caamal v. Shelter Mortg. Co., LLC*, Case No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (approving FLSA settlement providing separate consideration for a general release and non-disparagement clause); *Smith v. Aramark Corp.*, No.: 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *3-4 (M.D. Fla. Nov. 4, 2014) (approving FLSA settlement providing separate consideration for confidentiality and non-disparagement clauses).

Here, the non-disparagement clause is mutual, meaning that plaintiffs and defendants agree they will refrain from disparaging each other. Doc. 37-1 ¶ 7. Additionally, the parties may make neutral references of employment, including dates of employment, rates of pay, and positions held; while the defendants are prohibited from commenting on plaintiffs' terminations or eligibility for rehire. Doc. 40 at 5. Based on these terms, I find the terms of the non-disparagement clause does not preclude approval of the parties' settlement agreement.

### D. Attorney's Fees and Costs

The proposed settlement agreement calls for "[o]ne check for attorney's fees and costs in the amount of $42,500.00, made payable to Richard Celler Legal, P.A., for which a Form 1099 shall be issued." Doc. 37-1 ¶ 2(a). Section 216(b) of the FLSA provides that "in addition to any judgment awarded to the plaintiff or plaintiffs, [a court shall] allow a reasonable attorney's fee to be paid by the defendant, and costs of

7

the action." 29 U.S.C. § 216(b). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Sila v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). If the attorney's fee was negotiated or agreed upon separately, regardless of the amount awarded to plaintiff, absent certain circumstances, the Court will approve the settlement without separately analyzing the reasonableness of the attorney fee amounts. *Bonetti*, 715 F. Supp. 2d at 1228. The parties represent in their supplemental briefing, however, that they "simultaneously negotiated both the amounts to be paid to Plaintiffs and the amount of attorneys' fees to be paid to Plaintiffs' Counsel." Doc. 40 at 1.

The Court held a hearing on June 11, 2024 regarding the attorney's fee provision. Doc. 41; doc. 44. Attorney Noah Storch appeared for plaintiffs and attorney Richard Tuschman appeared for defendant. *Id.* At the hearing, the parties represented that despite using the word "simultaneously" in their briefing, plaintiff's settlement was negotiated separately from the attorney's fees. Mr. Tuschman presented to the Court his notes from the mediation, which corroborated this assertion. Given the parties explanation at the hearing, the Court is satisfied that the attorney's fee provision was negotiated separately from plaintiff's recovery and need not make a separate reasonableness determination. Thus, there is no reason to believe plaintiff's recovery was affected by the fees paid to counsel.

I respectfully **recommend**:

1. The parties' Joint Motion to Approve Settlement Agreement, doc. 37, be **granted** to the extent that the Court enter an Order and Stipulated Final Judgment approving the parties' settlement agreement, doc. 37-1;[2]

2. This case be **dismissed with prejudice**; and

3. The Clerk be directed to **close** the file.

**Entered** in Jacksonville, Florida, on July 12, 2024.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

---

[2] This recommendation is not intended to suggest that the Court enter judgment against defendant. Rather, this recommendation is that the Court enter a combined Order and Stipulated Final Judgment approving the parties' settlement agreement, doc. 37-1.

## Notice

"Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order, doc. No. 3, No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.

c:
The Honorable Marcia Morales Howard, United States District Judge
Noah E. Storch, Esquire
Richard David Tuschman, Esquire
Mark J. Beutler, Esquire